# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

November 20, 2007

Mr. Lewis W. Dahlin
P.O. Box 1667
Medford, OR 97501

Mr. James Dietz
243 S. Holly #2
Medford, OR 97501

RE: Butler Imports, Inc. v. Roy D. Towe 07-6063-fra
In re Roy and Jennifer Towe 06-61684-fra 13

Dear Counsel:

    Butler Imports, Inc., the Plaintiff herein, filed a motion to strike certain affirmative defenses of Defendant based on the court's earlier ruling on Defendant's motion to dismiss. A hearing was held on October 25, 2007, at which the parties made their presentations. The purpose of this letter is to announce my ruling on Plaintiff's motion to strike.

## BACKGROUND

### The Prior Proceeding

    Plaintiff filed a complaint on January 31, 2000 objecting to the discharge of its debt in a chapter 7 bankruptcy filed by Mr. Towe in 1999 (Adv. Proc. #00-6031-fra), seeking a judgment of nondischargeability as well as a money judgment. The Court may and does take judicial notice of the 2000 adversary proceeding file maintained by the Courts Record Center. See Freshman v. Atkins, 269 U.S. 121, 124 (1925). The complaint alleged that Mr. Towe purchased an automobile from the Plaintiff and the Plaintiff accepted a trade-in from Mr. Towe which was credited toward the purchase price of the new vehicle. The complaint further alleges that Mr. Towe stated to Plaintiff that the trade-in had mileage of 63,959 miles, but that he knew that the actual mileage was in excess of 163,000 miles. The complaint states that Plaintiff relied on Mr. Towe's intentional misrepresentation, made with the intent to deceive, and suffered damages as a consequence.

    The Defendant, Mr. Towe, did not respond to the complaint within the time required and Plaintiff filed a motion for an order and judgment of default. The order of default and the default judgment were entered on April 13, 2000. The judgment was not appealed and became final.

The judgment decreed that "the debt owed by Roy Dale Towe to Butler Imports, Inc., Plaintiff in this case is nondischargeable." While the judgment does not state specifically which provision of the Bankruptcy Code is implicated, it is clear from the allegations of the complaint that the debt was excepted from discharge under 11 U.S.C. § 523(a)(2)(A). Moreover, the attorneys for the parties agreed at the June 28, 2007 hearing on Defendant's motion to dismiss that the earlier judgment was premised on § 523(a)(2).

	The Current Bankruptcy

	Mr. Towe and his wife Jennifer Towe filed a chapter 13 bankruptcy on August 28, 2006. A chapter 13 plan was proposed and confirmed which provided for the avoidance under § 522(f)(1)(A) of a judicial lien said to be held by Plaintiff Butler Imports. The plan estimates that unsecured claimants will receive approximately 3% of their claims under the plan. Butler Imports filed a proof of claim in the current bankruptcy, based on the default judgment obtained in 2000.

	On April 26, 2007, Plaintiff filed the current adversary proceeding, seeking a declaratory judgment that "Defendants are not entitled to collaterally attack Plaintiff's prior Nondischargeable Judgment against them." The Complaint also seeks a judgment that Plaintiff's proof of claim as to the amount owed is accurate, and provides as an exhibit an amortization table showing payments, interest accrued, and running balance of the debt.

	Debtors filed an Answer to the complaint, listing six affirmative defenses:

1. Questions the accuracy of the amount of the claim and alleges that the Plaintiff fails to adequately account for payments made and interest accrued.

2. Because Plaintiff failed to object to the Debtors' plan of reorganization, its lien has been avoided.

3. Failure to timely object to the Debtors' plan of reorganization precludes Plaintiff from seeking a declaratory judgment.

4. Plaintiff's earlier judgment has no preclusive effect in the current bankruptcy because it was awarded through default.

5. Plaintiff's judgment is dischargeable in the present bankruptcy because § 1328 does not include a nondischargeable judgment as an exception to a chapter 13 discharge.

6. The confirmed plan binds Plaintiff to the plan's 3% dividend to unsecured creditors. The adversary proceeding is therefore an unacceptable collateral attack on the Debtors' confirmed plan.

	Defendants filed a motion to dismiss Ms. Towe as a defendant on the grounds that she was not a party to the 2000 judgment obtained by the Plaintiff. The motion also sought to dismiss the adversary proceeding against Mr. Towe, generally on the grounds contained in

Defendant's affirmative defenses, other than the first. A hearing was held and the motion was granted as to Ms. Towe and denied as to Mr. Towe.

### Plaintiff's Motion to Strike

Plaintiff filed a motion to strike Defendant's affirmative defenses 3 through 6 on the grounds that the court, in denying Defendant's motion to dismiss, determined that the affirmative defenses were insufficient. Plaintiff stated that Defendant's counsel had previously agreed to withdraw the second affirmative defense. For the reasons that follow, Plaintiff's motion to strike will be allowed.

## DISCUSSION

### Motions to Strike - Rule 12(f)

Fed.R.Civ.P. 12(f) (made applicable by Fed.R.Bankr.P. 7012) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "To show that a defense is 'insufficient,' 'the moving party must demonstrate that there are no questions of fact, and that under no set of circumstances could the defense proceed." California v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032 (C.D.Cal. 2002)(Internal citation omitted). "An affirmative defense which previously has been rejected on a defendant's motion to dismiss is thereupon insufficient as a matter of law and must be stricken." FDIC v. Pelletreau & Pelletreau , 965 F.Supp. 381, 390 (E.D.N.Y. 1997)(Internal citation omitted).

### Application to Defendant's Affirmative Defenses

– Affirmative Defenses 3 and 6:

Defendant essentially argues that by failing to object to the terms of the Debtors' chapter 13 plan, Plaintiff is bound to the terms of the plan and may not institute a declaratory judgment proceeding. The court stated at the hearing on the motion to dismiss that the complaint for a declaratory judgment is not seeking an adjudication of the dischargeability of the debt in question, but instead seeks a ruling as to the preclusive effect of the prior judgment. As such, the complaint is not time-barred and the Plaintiff is not precluded from filing the complaint by virtue of the confirmed plan.

The court also stated that a "collateral attack [on a prior nondischargeable judgment] by virtue of a subsequent petition is not one that the rules contemplate, nor one that I think any court would support." Implicit in this statement is that a subsequent bankruptcy petition is not a substitute for a timely appeal of a judgment or a timely Rule 60 motion. Moreover, there is no provision in the confirmed plan which would extinguish the prior nondischargeable judgment: it merely provides that Plaintiff's lien is to be avoided and unsecured claimants will receive approximately 3% of their claims over the life of the plan.

The Supreme Court 's statement in Freshman v. Atkins, 269 U.S. 121, 124 (1925)

respecting a debtor's attempt to apply for a discharge of debts where formerly the court had denied the debtor a discharge of the same debts is still appropriate in the present circumstance: "Not only should the court of bankruptcy protect the creditors from an attempt to retry an issue already tried and determined between the same parties, but the court, for its own protection, should arrest, in limine, so flagrant an attempt to circumvent its decrees." [internal citation omitted].

– Affirmative Defense 4:

The court stated at the hearing on the motion to dismiss that "[it] may be argued that the circumstances of the first judgment were less than perfect. It was a default judgment. . . . But it was a judgment nevertheless, and under Federal and the State law that Federal law looks to, it has a preclusive effect."

The fact that a judgment was awarded by default does not diminish its effect on the parties to that judgment. "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." Morris v. Jones, 329 U.S. 545, 550-51 (1947). Absent a timely appeal or a motion under Rule 60(b), a default judgment has the same res judicata effect on the judgment defendant as a judgment entered after trial.

– Affirmative Defense 5:

Bankruptcy Code § 1328(a)(2), as amended by BAPCPA, with application to bankruptcy cases filed on or after October 17, 2005, provides that a discharge under chapter 13 excepts from discharge any debt of the kind, among others specified, found at § 523(a)(2). As it has been established that nondischargeability in the prior judgment was predicated on § 523(a)(2), the judgment is equally as applicable in this chapter 13 filing as it was in the prior chapter 7 filing.

## CONCLUSION

Defendant's affirmative defenses 3 through 6 will be stricken for the reasons given. As Defendant's counsel has indicted that affirmative defense 2 is voluntarily being withdrawn, the only issue left to decide in this adversary proceeding is the amount of the Plaintiff's nondischargeable claim. Trial will be held on that issue in due course. Counsel for Plaintiff should submit an order in conformity with this letter opinion.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

cc: P. Scott McCleery